IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON JAMES ROGERS, #939727, )<br>Petitioner, )<br> )<br>v. )<br> )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>Respondent. ) | | 3:08-CV-1159-P |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the TDCJ-CID Director. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner pled guilty to murder pursuant to a plea agreement in the 291st Judicial District Court, Dallas County, Texas, in cause number F00-44431. (Petition (Pet.) at 2). Punishment was assessed at life imprisonment. Petitioner did not appeal. (Pet. at 3) Thereafter, he unsuccessfully challenged his conviction in both state and federal habeas corpus proceedings. *Rogers v. Cockrell*, No. 3:03cv1077-R (N.D. Tex., Dallas Div., Mar. 8, 2004) (dismissing federal habeas corpus petition as time barred), *COA denied*, No. 04-10426 (5th Cir.

Oct. 25, 2004). On April 5, 2005, the United States Court of Appeals for the Fifth Circuit denied his motion for leave to file a successive habeas corpus application. *In re Rogers*, No. 05-10095 (5th Cir. 2005). Petitioner then filed two additional state habeas applications, which the Texas Court of Criminal Appeals dismissed. *Ex parte Rogers*, Nos. 55,581-02 and -03.

In the present petition for a writ of habeas corpus, deemed filed on July 1, 2008, Petitioner again seeks to challenge his murder conviction. He asserts judicial misconduct, denial of *Brady* material, ineffective assistance of trial counsel, and denial of access to the courts. (Pet. at 7-8).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a prisoner may file a second or successive application for post-conviction relief. *See* 28 U.S.C. § 2244(b). A petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in the district court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v.*

---

[1] For purposes of this recommendation, the petition is deemed filed on July 1, 2008, the date Petitioner signed the petition and motion to proceed *in forma pauperis* and presumably placed them in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

*Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file another petition for habeas relief under § 2254. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).[2]

---

[2] Although Petitioner's first § 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *See Villanueva v. United States*, 346 F.3d 55, 61(2nd Cir. 2003) (addressing issue in the context of a § 2255 motion); *Donaldson v. United States*, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003) (same); *see also Anders v. Cockrell*, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive habeas petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 7th day of August, 2008.

                                                      WM. F. SANDERSON, JR.
                                                     UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.